UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO LASHAUN CRUZ, | ) | 1:09-cv-00316 AWI YNP [DLB] (HC) |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS |
| HECTOR A. RIOS, Jr., Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed a motion for an injunction to prohibit prison officials from tampering with his legal mail on March 16, 2009. (Doc. #7). On March 16, 2009, Petitioner filed a first amended petition. (Doc. #8).

**DISCUSSION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea

1  v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners
2  should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).
3       In this case, Petitioner claims that prison officials are tampering with and/or destroying his
4  mail. (Am. Pet. at 1-4).  Even thought the amended petition states Ground One in the form of a
5  challenge to a prison disciplinary action (Id. at 1) and Ground Two as a Fifth Amendment due
6  processes claim, (Id. at 3) the supporting facts under each ground concern only the treatment of
7  Petitioner's mail.  Petitioner's motion for an injunction similarly complains that his mail is being
8  tampered with and/or destroyed and he uses the same facts set forth in the amended petition to
9  support his motion.  After reading the petition and motion for injunction in their entirety, it is clear
10 that Petitioner is challenging the conditions of his confinement, not the fact or duration of that
11 confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be
12 DISMISSED.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil
13 rights complaint pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

## RECOMMENDATION

15      Accordingly, the Court HEREBY RECOMMENDS that:
16      1) The motion for injunction be DENIED;
17      2) The Petition for Writ of Habeas Corpus be DISMISSED; and
18      3) The Clerk of Court be DIRECTED to enter judgment in this matter.
19      This Findings and Recommendation is submitted to the United States District Court Judge
20 Anthony W. Ishii pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
21 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
22 thirty (30) days after being served with a copy of this Findings and Recommendation, any party may
23 file written objections with the Court and serve a copy on all parties.  Such a document should be
24 captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
25 Objections shall be served and filed within ten (10) court days (plus three days if served by mail)
26 after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to
27 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
28 time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

(9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:**   **October 7, 2009**               /s/ **Dennis L. Beck**
                                                               UNITED STATES MAGISTRATE JUDGE